FILED'06 SEP 25 11:20USDC-ORM

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

PAUL T. SUNDQUIST,                     )
                                       )
           Plaintiff,                  )    Civil No. 05-1030-PA
                                       )
      v.                               )
                                       )
STATE OF OREGON DEPARTMENT             )    **ORDER**
OF CORRECTIONS, et al.,                )
                                       )
           Defendants.                 )


**PANNER, J.**

Pro se plaintiff Paul T. Sundquist brings this action
against defendants Michael Gower, Superintendent of the Columbia
River Correctional Institution (CRCI); Steven Lickar, Health
Services Manager at CRCI; Richard Gorringe, a mental health
specialist for the Oregon Department of Corrections (ODOC), and
Scott Haynes, a nurse practitioner for ODOC.  Plaintiff alleges
that while he was in custody at CRCI, he was not provided with

1 - ORDER

necessary medication for chronic pain and mental impairments.

Defendants move to dismiss for failure to exhaust administrative remedies. I deny the motion.

**BACKGROUND**

In 1988, plaintiff nearly died from a stab wound in his right side. Plaintiff required an upper lobectomy, and still suffers from chronic pain as a result. Plaintiff also suffers from attention deficit hyperactivity disorder, bipolar disorder, hypertension, and depression. Because of chronic pain and mental impairments, plaintiff has been receiving Social Security disability benefits for many years.

Plaintiff was entered CRCI in the summer of 2004. At that time, he had prescriptions for morphine, Clonazepam, Doxepin, Atenolol, and other drugs. Plaintiff alleges that at CRCI, he was given non-narcotic pain medication instead of the pain medications he had been prescribed. Plaintiff also alleges that CRCI provided him with drugs that were ineffective in treating his mental impairments, rather than the drugs he was taking before incarceration. Plaintiff submitted several written complaints, or "kytes," complaining about his difficulty receiving effective medication.

On March 30, 2005, after no relief resulted from his kytes, plaintiff filed a grievance. He requested that he be issued the medications he had been prescribed before his imprisonment.

2 - ORDER

Plaintiff attached more than twenty pages of materials to the
grievance form, including his previous kytes, medical records,
and copies of previous prescriptions.

On April 11, 2005, defendant Richard Gorringe, Ph.D.,
responded in writing to plaintiff's grievance. Gorringe stated
that plaintiff would be referred to a physician for a second
opinion. Gorringe's response form did not mention further
appeals or any other relief that might be still available.

Under Oregon Department of Corrections (ODOC) rules, an
inmate may appeal a grievance to the functional unit manager,
here, the CRCI superintendent. See Hanley Aff. at 3 & Attach. 1.
The inmate may take a second appeal to an assistant director.
Id.; see also Brown v. Duncan, Civ. No. 05-1293-PK, 2006 WL
1280914, at *3 (D. Or. May 4, 2006) (describing ODOC regulatory
scheme for grievance appeals).

Plaintiff states that he did not further appeal his
grievance because the response satisfied him. Plaintiff was in
fact examined by a physician, and that physician did prescribe
the drugs plaintiff had been taking before his incarceration.

Plaintiff filed this action in July 2005.

## STANDARDS

Failure to exhaust administrative remedies is an affirmative
defense that the defendant must raise and prove. See Wyatt v.
Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The defendant

3 – ORDER

should raise the exhaustion issue through an unenumerated Rule 12(b) motion, rather than a motion for summary judgment. <u>Id.</u> (citing <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 368 (9th Cir. 988) (per curiam)). In resolving a motion to dismiss for failure to exhaust, the court may look beyond the pleadings and resolve disputed issues of fact. <u>Id.</u> at 1120. If the court concludes that the plaintiff failed to exhaust administrative remedies, the court should dismiss the unexhausted claim without prejudice.

## DISCUSSION

The Prison Litigation Reform Act requires that prisoners with complaints about prison conditions complete the prison's administrative process before bringing a civil action regarding those conditions. <u>See</u> 42 U.S.C. § 1997e(a). Prisoners are required to exhaust administrative remedies regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide relief on the complaint stated. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002) (citing <u>Booth</u>, 532 U.S. at 739 n.5).

Here, it is undisputed that plaintiff did not pursue further administrative remedies after receiving the initial satisfactory

4 - ORDER

response to his grievance.  The issue is whether this requires dismissal.

Defendants bear the burden of showing that "pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of relief already granted as a result of that process."  Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005).  I conclude that defendants have not met that burden.

In Brown v. Duncan, 2006 WL 1280914 (D. Or. May 4, 2006), this court addressed a very similar issue concerning exhaustion of ODOC's grievance procedures.  There, the inmate filed a grievance complaining that a foot injury had not been adequately treated.  The grievance stated, "I want my foot fixed -- taken care of the way it should have been done from the beginning.  If it requires surgery then that is what I need.  I do not want it [healed] improperly."  Id. at *2.  After filing the grievance, the inmate did receive surgery and effective pain medication.  A prison official then issued a written response to the inmate's grievance, describing the medical treatment the inmate had received.  The inmate did not appeal the grievance further, and filed an action in this court.

This court denied the defendants' motion to dismiss for failure to exhaust, concluding that the inmate had exhausted the available administrative remedies.  The defendants there offered

5 - ORDER

no evidence of any additional relief that the inmate could have obtained by pursuing an appeal of the grievance. As here, the response to the inmate's grievance "did not contain any information on appeal rights or remedies." <u>Id.</u> at *6. The defendants also, as here, did not show what remedies (other than those already provided) were available through the grievance procedure. <u>Id.</u>

I agree with <u>Brown</u>'s reasoning. I conclude that plaintiff here has exhausted the administrative remedies available to him. I deny the motion to dismiss.

### CONCLUSION

Defendants' motion to dismiss (#16) is denied. Defendants' motion to stay discovery (#15) is denied. Plaintiff's motions to continue unnumbered mistakes (##18, 20) are denied as moot.

DATED this 25 day of September, 2006.

OWEN M. PANNER
U.S. DISTRICT COURT JUDGE

6 - ORDER